## MARTÍNEZ AS ASSIGNEE OF SANJURJO v. GARCÍA.

### APPEAL from the District Court of Mayagüez.

#### No. 743.—Decided January 16, 1912.

APPEAL—ASSIGNMENT OF ERRORS.—According to rules 42 and 43 of this court it is incumbent upon the appellant to assign the particular errors alleged to have been committed by the court below.

JUDGMENT—OPINION OF TRIAL JUDGE—TIME WITHIN WHICH IT SHOULD BE DELIVERED.—According to the provisions of section 227 of the Code of Civil Procedure, as amended by an Act approved March 1, 1911, the judge shall make out and file a brief statement of the case setting out the facts as found by him and giving the reasons for his decision. But this provision does not direct that the statement should be made previously, simultaneously, or subsequently to the judgment and, therefore, the fact that the statement was made after the judgment was rendered does not render the judgment null and void.

OBLIGATIONS—LACK OF EVIDENCE—BURDEN OF PROOF.—The burden of proof to show the existence of an obligation is upon the party demanding the enforcement thereof, according to section 1182 of the Civil Code and section 108 of the Law of Evidence, and when such proof is lacking the legal maxim *actore non probante reus est absolvendus* is applicable.

The facts are stated in the opinion.

*Mr. Pascasio Fajardo* for appellant.

*Mr. José de Diego* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal from a judgment of the District Court of Mayagüez of April 17, 1911, dismissing the complaint filed by Isidro F. Sanjurjo (now Rogelio Martínez Castro by assignment) against Dolores García Sanjurjo to secure the payment of $2,000 with interest from the time it was filed.

The plaintiff alleges in his complaint that Isidro F. Sanjurjo on various occasions loaned money to Dolores García Sanjurjo aggregating the sum of $2,000 on her promise to pay on demand, and that although such demand has been made no payment has yet been made by defendant. The defendant in her answer denies the facts on which the complaint is based, and the hearing having taken place, judgment

was rendered as above stated, with costs against the plaintiff.

The grounds alleged by appellant for his appeal are as follows:

1. That the judgment is null because it does not conform to the provisions of the act to amend sections 92, 123, 227 and 299 of the Code of Civil Procedure, approved March 1, 1911.

2. That in considering as a whole the evidence introduced the court below committed manifest error in disregarding the provisions of the Law of Evidence.

No assignment has been made of the particular errors alleged to have been committed by the court below in violation of the two statutes cited, as it was incumbent upon appellant to do under rules 42 and 43 of the rules of this court, and, as counsel for both parties failed to appear, the hearing was held in their absence, and the errors alleged to have been committed have not even been assigned orally.

It seems that the ground upon which the prayer for the reversal of the judgment is based is that the judge of the court below delivered his opinion subsequently to the judgment. It is so affirmed in the brief of appellant and it so appears in the record. But such a fact does not render the judgment null and void since the rights of the parties are thereby determined.

It is true that section 227 of the Code of Civil Procedure, as amended by the Act approved March 1, 1911, provides that on the final trial of any case in a district court the judge thereof shall make out and file a brief statement in the case, setting out the facts as found by him and giving the reasons for his decision. But this provision does not direct that the statement should be made previously, simultaneously or subsequently to the decision. From the records it appears that the statement was made out in the manner specified in the statute, therefore the law has been properly complied with.

Although it has fallen under our observation that appellant has not even made an attempt to show, as it was his duty to do, that the court below committed manifest error in weighing the evidence introduced at the trial, we have carefully reviewed the same and, far from finding the error alleged to have been committed, we have noticed that no evidence has been produced to show the existence of the obligation the enforcement of which is herein demanded, the burden of which was upon appellant under section 1182 of the Civil Code and section 108 of the Law of Evidence.

In view of such a lack of evidence we find that we can very aptly apply here the legal maxim *actore non probante absolvitur reus.*

For the foregoing reasons it is our opinion that the judgment should be affirmed and it is so ordered.

*Affirmed.*

Justices MacLeary, Wolf, del Toro, and Aldrey concurred.